“ Freedman, J.
Since the entry of the judgment herein on Nov. 12, 1890, the plaintiffs served a notice upon defendant’s attorneys to the effect that they elected to end the reference heretofore ordered herein, on the ground that more than sixty days had elapsed from the time when the cause was finally submitted to the referee ; and that no written referee’s report had been filed with the clerk of this court, or delivered to the attorneys for any of the parties : and they now move to vacate and set aside the judgment entered against them for the costs of the action; because, as they allege, it is void for want of a referee’s report which disposes of the merits of the action.
“ The action was brought to recover the amount of *133 a balance alleged to be due for printing, folding, directing and mailing circulars and other literature during the presidential campaign of 1888, and in furnishing materials, postage, expressage and messenger service therefor; and also for the occupation of certain rooms.
“ The issues raised by the answer were referred to a referee to be heard and determined by him. In such a case it is provided by § 1022 of the Code of Civil Procedure, that the report of the referee must state separately the facts found, and the conclusions of law; and that it must direct judgment to be entered thereon.
“ It appears that at the close of the evidence, both parties submitted requests for findings; that the referee by marginal endorsements noted his disposition of these requests; and that both sets were filed together with a full opinion within 60 days after the cause had been finally submitted to him. As no other report was made, the question now is, whether these three papers, taken together, constitute a sufficient report. If they do, the judgment must be sustained. It is clear that neither of them, considered by itself, fulfils the requirements of the Code; and that considered collectively, they present formal defects. Nor is the practice observed in this case to be encouraged.
“ Orderly practice requires a more formal report.
“ But after all, each case depends upon its own facts and should be determined according to the rights of the respective parties as they are made to appear. In this case there are not only the usual marginal endorsements showing the disposition of each request, but the referee attached his signature as referee to each set of requests passed upon. One of the conclusions of law thus found and evidence is ‘ that the complaint must be dismissed and judgment rendered for the defendant upon the merits with costs.’ The findings were filed with the clerk of this court on *134 October 29, 1890; at the same time there was also filed with the said clerk an opinion rendered by the referee which the referee termed a ‘ memorandum of decision.’ In this the referee discussed the points made by the respective parties, and the state of the evidence,- and thereupon stated the conclusions arrived at, and then concluded as follows, viz.: " For the reasons stated I am forced to the conclusion that whoever may owe the bill in suit, the defendant certainly does not, and I therefore believe the bill ought to be dismissed upon the merits, with costs. Judgment accordingly.’ At the end of all this the referee attached his signature as referee. Now it is true that this opinion or ‘ memorandum of decision,’ although filed with the other papers referred to within sixty days after the final submission of the cause, was not made by the clerk a part of the judgment roll. The omission to - do so affects only the judgment roll, but does not affect the report of the referee. Moreover the defect may be cured, nunc pro kmc. My final conclusion is that in this casé the two sets of findings and the opinion or memorandum of decision hereinbefore referred to, taken together constitute a sufficient report which disposes of the merits of the action; that -the clerk should be ordered to attach nunc pro kmc to said opinion or memorandum of decision to the judgment roll and that the tnotion of the plaintiffs; should be denied but without costs.”
Nichols & Bacon, attorneys, and Alexander S. Bacon, of counsel, for appellants.
Blanchard, Gay & Phelps, for respondent.
Per Curiam.
The action had been referred to a referee to hear and determine. Within sixty days from the time the cause was submitted, there was filed a *135 document made by the referee. This was assumed to be a decision or report of the referee, and upon it judgment was entered in favor of the defendants. After the expiration of the sixty days a notice was given to end the ' reference on the ground that no report had been filed with the clerk or delivered to one of the attorneys, as provided" by section 1019 Code Civil Procedure, and, thereupon, the motion below was made and denied.
The ground taken by the plaintiffs was that the document referred to was not a decision or report of the referee, within the meaning of the Code. That document was, in its beginning, a statement by the referee of reasons for his final action, and it ended: “ For the reasons stated I am forced to the conclusion that whoever may owe the bill in suit, the defendant certainly does not, and I therefore believe the bill ought to be dismissed upon the merits, with costs. ■Judgment accordingly.”
This is substantially a direction that there should be judgment for the defendant that the complaint be dismissed. Although it is the case that the documents contained no findings of fact, as required by the Code, this omission did not prevent the document having the character of a report, even if such report be extremely imperfect and an insufficient foundation of a judgment. The referee had made within the intent of section 1019, his report within the sixty days, and having made it, such as it was, the plaintiff was not entitled to end the reference and to have the cause proceed as if there had been no reference. The judge below, therefore,' was right in refusing tb vacate the judgment under the notice given. This conclusion leaves the parties to the appropriate remedy in a case where there has been a report, and judgment upon it cannot be entered properly.
To the .case as it was presented, by the motion, it *136 was immaterial that the decision had not been made part of the judgment roll. Under section 1019, it was enough that the decision had been filed within sixty days. '
Order affirmed, with ten dollars costs.